UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. JERUE and MICHAEL J. FEIST,

      Plaintiffs,

v.                               Case No. 8:17-cv-00587-EAK-AEP

DRUMMOND COMPANY, INC.

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO SECOND AMENDED COMPLAINT

The Drummond Company, Inc. ("Drummond" or "Defendant"), by and through its undersigned counsel, Holland & Knight LLP, hereby submits its Answer and Affirmative Defenses to the Plaintiffs' Second Amended Complaint.   All references to "Plaintiffs" are to the two individual plaintiffs in this case, Messrs. Jerue and Feist.  In addition, this case is not a class action. Drummond is without knowledge or information sufficient to respond to factual allegations concerning unnamed individuals who are not the "Plaintiffs" in this case.

## FACTUAL SUMMARY

1.      Denied.  Drummond engaged in secondary recovery of previously mined phosphate land.  What this means is that Drummond did not originally excavate the phosphate "matrix," but rather processed sand tailings and other material from the site.  As a result, Drummond extracted phosphate from portions of the material remaining from previous mining operations.  This did not result in a discharge of any pollution or hazardous material onto the site.  Drummond then reclaimed the area pursuant to authorization from state and local agencies.  This reclamation activity was disclosed to the public.  Based on recent test data collected by the Florida Department of Health, the radiation levels found in Oakbridge and Grasslands are not harmful.  They do not

present a health risk to the residents.  Plaintiffs have failed to allege any test data from their own

properties.  They are not entitled to any relief.

2.      Denied.  See paragraph 1, incorporated herein and adopted by reference.

3.      Denied.

4.      Denied.  In particular, the material facts were disclosed to the public.  Plaintiffs did

not purchase from Drummond and no false representations were made to Messrs. Jerue or Feist by

Drummond.  Drummond accurately disclosed its Development Agreement in the public record,

which speaks for itself.

5.      Denied that there is any contamination or harmful conditions or that any allegedly

false statements appear on the Drummond website.  Defendant's website is accurate.  Messrs. Jerue

and Feist have not alleged that they relied on any statements from the website to purchase their

properties.

6.      Denied that any false statements were made in the March 22, 2017 letter or that

known defects exist.  Otherwise, denied.

7.      Denied that any false statements were made or allegedly concealed by Drummond.

Other statements alluded to in this paragraph have not been identified as to source or content, and

consequently, Drummond is without knowledge or information sufficient to form a belief about

these statements.  Drummond states that there is no contamination or harmful condition on the

property.

8.      (8A) Denied.  See paragraph 7 incorporated herein and adopted by reference.

7[1].      (8B) Denied.  See paragraph 7 incorporated herein and adopted by reference.

8.      (8C) Drummond is without knowledge or information sufficient to form a belief

---

[1] The paragraph numbering is out of sequence here and copied exactly as it is in the Second Amended Complaint.

about the truth of the unspecified documents referred to in paragraph 8, but denies that any "slag" was used or that any "contamination" or unsafe conditions exist.

9.      Drummond denies that the soil of Grasslands and Oakbridge create unsafe conditions or a risk of harm to the residents or to the Plaintiffs.  Otherwise, denied.

10.      See paragraph 9, incorporated herein and adopted by reference.

11.      See paragraph 9, incorporated herein and adopted by reference.

12.      See paragraph 9, incorporated herein and adopted by reference.

13.      Denied.  See paragraph 9, incorporated herein and adopted by reference.

14.      Drummond accurately disclosed material facts in the Development Agreement, which is part of the public record.  Drummond denies that there is any "contamination" or unsafe condition on this site.  See paragraph 9, incorporated herein and adopted by reference.

15.      Denied.

16.      Denied.  See paragraph 1, incorporated herein and adopted by reference.

20.      Denied.[2]

21.      Denied.  See paragraph 9, incorporated herein and adopted by reference.

22.      Denied.  See paragraph 14, incorporated herein and adopted by reference.

23.      Denied.  See paragraph 14, incorporated herein and adopted by reference.

24.      Denied.

25.      Denied.

26.      Denied.

---

[2] The paragraph numbering is out of sequence here and copied exactly as it is in the Second Amended Complaint.

## PARTIES

### Plaintiffs

27.     Admitted that Plaintiffs own property in the development.  Otherwise, Drummond is without knowledge or information sufficient to form a belief as to the remainder.

28.     Denied, except it appears that Mr. Jerue owns the property listed.

29.     Denied, except it appears that Mr. Feist owns the property listed.

30.     Denied.

31.     Denied.

32.     Denied.

### Defendant

33.     Admitted.

34.     Denied.

35.     Admitted.

36.     Admitted.

37.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

38.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

## JURISDICTION AND VENUE

39.     Admitted that jurisdiction has been alleged.  Otherwise, without knowledge or information sufficient to form a belief about the truth of this allegation.

40.     Admitted that personal jurisdiction exists for this case.  Otherwise, denied.

41.     Admitted that venue exists for this case.  Otherwise, denied.

## FACTUAL ALLEGATIONS

42.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

43.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

44.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

**Background on Drummond's Secondary Recovery**

45.     Admitted as to the importance of phosphate production in the state of Florida. Drummond engaged in secondary recovery, not phosphate mining.  See paragraphs 1 and 9, incorporated herein and adopted by reference.  Otherwise denied.

46.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

51.     Denied.

**Drummond's Disclosures**

52.     Denied.  See paragraph 1, incorporated herein and adopted by reference.

53.     See paragraphs 4-7, incorporated herein and adopted by reference.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

54.     See paragraph 4-5, incorporated herein and adopted by reference.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

55.     See paragraph 4-5, incorporated herein and adopted by reference.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

56.     See paragraph 4-6, incorporated herein and adopted by reference.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

57.     See paragraph 4-7, incorporated herein and adopted by reference.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

58.     Denied.  See paragraph 9, incorporated herein and adopted by reference.  Plaintiffs have not been injured or damaged by any exposure or dose of radiation on their properties, and they have not alleged any personal injury.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.  No specific test data is alleged and the allegation does not provide adequate information to formulate a response concerning unspecified conditions.

59.     See paragraph 9, incorporated herein and adopted by reference.  Plaintiffs have not been injured or damaged by any exposure or dose of radiation on their properties, and they have not alleged any personal injury.  In addition, no specific data is alleged and the allegation does not provide adequate information to formulate a response concerning unspecified conditions.

60.     Denied.  Plaintiffs have not been injured or damaged by any exposure or dose of radiation on their properties, and they have not alleged any personal injury.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

61.     Denied.  Plaintiffs have not been injured or damaged by any exposure or dose of radiation on their properties, and they have not alleged any personal injury.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

62.     See paragraph 9, incorporated herein and adopted by reference.  The document speaks for itself and has not been accurately summarized.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

63.     See paragraph 9, incorporated herein and adopted by reference.  The document speaks for itself and has not been accurately summarized.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

64.     See paragraph 9, incorporated herein and adopted by reference.  The document speaks for itself and has not been accurately summarized.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

65.     See paragraph 9, incorporated herein and adopted by reference.  The document speaks for itself and has not been accurately summarized.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

66.     Drummond admits that it entered into the Development Agreement and that the statements in the Development Agreement are truthful and accurate.  Denied as to the remainder.

67.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67 and the unspecified documents referenced therein.

68.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68 and the unspecified documents referenced therein.

69.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69, or the unspecified materials.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

70.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70.  The document speaks for itself.  Denied as to any alleged false statements, alleged failure to disclose, or alleged concealment.

71.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71.  The document speaks for itself.  See paragraph 9, incorporated herein and adopted by reference.

72.     See paragraph 9, incorporated herein and adopted by reference.  The document speaks for itself.

73.     Denied.

74.     Denied.

75.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 75.

76.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76.  Otherwise, denied.

77.     Drummond is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.  The document speaks for itself.  See paragraph 9, incorporated herein and adopted by reference.

78.     Drummond is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.  The document speaks for itself.  See paragraph 9, incorporated herein and adopted by reference.

79.     Drummond is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.  The document speaks for itself. See paragraph 9, incorporated herein and adopted by reference.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 83.  The document speaks for itself. See paragraph 9, incorporated herein and adopted by reference.  Otherwise, denied.

84.     Drummond is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 84.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

**Plaintiffs and Residents**

90.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

91.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

92.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

93.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

94.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

95.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

96.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

97.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

98.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

99.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

100.    Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

101.    Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

102.    Denied.

103.    Denied.

104.    Denied.

## LIMITATIONS THAT BAR THE CLAIMS

105.     Drummond incorporates and adopts by reference the preceding numbered paragraphs of the Answer.

106.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

107.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

108.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

109.     Denied.  See paragraphs 1 and 9, incorporated herein and adopted by reference.

## CLASS ALLEGATIONS

110.     Denied.

111.     Denied that such alleged classes exist or can be certified.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

## CAUSES OF ACTION

132.    Drummond incorporates by reference and adopts the previously numbered paragraphs of the Answer.

## COUNT I – NO LIABILITY PURSUANT TO CH. 376, FLA. STAT.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

## COUNT II – NO NEGLIGENCE OR NEGLIGENCE PER SE

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.     Denied.

145.     Denied.

146.     Denied.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

## COUNT III – NO FRAUD AND FRAUDULENT CONCEALMENT

152.     Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Drummond admits that it entered the Development Agreement and that the document is truthful and accurate.  The Development agreement is part of the public record. Denied as to the remainder.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

## <u>COUNT IV – NO NEGLIGENT MISREPRESENTATION</u>

164.    Denied.

165.    Denied.

166.    Drummond admits that it entered the Development Agreement and that the document is truthful and accurate.   The Development agreement is part of the public record. Denied as to the remainder.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

## <u>COUNT V – MEDICAL MONITORING IS INAPPROPRIATE</u>

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

## <u>DENIAL OF LIABILITY OR DAMAGES</u>

All allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

Plaintiffs have not suffered any injury or damage, and there is no liability to them. However, to the extent that Plaintiffs have made claims in the Second Amended Complaint, Drummond is entitled under Federal Rule of Civil Procedure 8 to raise the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by the applicable statute of repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Drummond did not discharge any pollution or cause contamination under Florida or federal law. The placement of sand, clay, or soil on a mined property from the phosphate beneficiation process is exempt from liability as an alleged discharge of pollution, pollutive condition, hazardous substance, or alleged contamination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Drummond based upon negligence per se fail to state a cause of action because Plaintiffs have not and cannot identify any statute, administrative rule, or standard violated by Drummond.

### SIXTH AFFIRMATIVE DEFENSE

Drummond states that it complied with all applicable rules, regulatory authority, and industry standards governing its secondary recovery, reclamation, and development of Oakbridge

and Grasslands and thus, Plaintiffs' claims based upon Drummond's alleged discharge of pollution and alleged improper reclamation and/or development of the Oakbridge and Grasslands subdivision are barred.

SEVENTH AFFIRMATIVE DEFENSE

At all times, Drummond acted in conformity with existing industry and scientific knowledge, common and accepted procedures in the field, and appropriate standards for reclamation and development of the subject property at Oakbridge and Grasslands community. Drummond's reclamation was pursuant to state and local authority. Drummond's construction methods were approved by the governing authorities. As a result, Plaintiffs' claims are barred.

EIGHTH AFFIRMATIVE DEFENSE

Drummond is not responsible for the acts of others, whether superseding, intervening, or otherwise that Plaintiffs' claim may have caused or contributed to any alleged injuries, or damages.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs have improperly split their alleged causes of action and are barred from asserting any other claims now or in the future. All claims, which are denied, will be merged into the final judgment and dismissed of in this case.

TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs make claims based on alleged negligence, which is denied, Plaintiffs' alleged claims are also barred or reduced by the doctrine of contributory negligence or comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for economic damages specifically related to diminution in value of the property, which are denied, are also barred because Drummond has not caused any personal injury or tangible property damage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint should be dismissed or stayed for Plaintiffs' failure to comply with the provisions of Florida Statute Chapter 558.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered injury or damage, but to the extent they make such claims, these claims are precluded in whole or in part based upon the legal doctrine of assumption of risk, and voluntary activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered damages, but have claimed that their property should be physically modified or altered.  This remedy is barred by the economic waste doctrine in Florida.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because information relating to phosphate mining was open, obvious, and well known within the general public in Florida and specifically, Polk County, Florida.  It was publicly disclosed and well known to members of the public that Plaintiffs' property was built on phosphate lands.  Plaintiffs have not suffered any damage resulting from their choice of property in this area.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs claim to have individually suffered any illness, disease, or economic loss, which is denied, such alleged injuries were not caused by Drummond and are not the result of any activity under the control, direction, or supervision of Drummond.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any alleged damages and any such alleged damages should be reduced accordingly.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based upon an alleged failure to disclose alleged information, which are denied, are barred as a matter of law because Plaintiffs did not purchase property from Drummond and did not rely on any representations from Drummond that caused any harm.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' property consists of naturally occurring materials and did not result from any discharge of pollution onto Plaintiffs' property.  Plaintiffs have not suffered any injury or damage from the natural condition of their property or from Drummond's activities.

## TWENTIETH AFFIRMATIVE DEFENSE

Drummond denies that Plaintiffs are entitled to any damages, but to the extent Plaintiffs receive any payment for any alleged damages from collateral sources, any damages awarded should be reduced accordingly.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint fails to state any set of facts and have not suffered any injury that would entitle them to exemplary or punitive damages under any circumstances.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are premature and are not ripe to the extent Plaintiffs are not selling or have not attempted to sell their homes nor have they suffered any injury or damage.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack of standing to assert any allegations for diminution in the value of property, which is denied, for any property in Oakbridge and Grasslands owned by any other individual or party.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack of standing to assert damages for their own property because there is no actual, verifiable "contamination" on the parcels caused by Drummond or any other source.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint fails to state a cause of action because Plaintiffs are unable to demonstrate that Drummond caused any alleged damages, or that the alleged conditions could support the need for medical monitoring.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint fails to state a cause of action because Plaintiffs have failed to demonstrate Plaintiffs were exposed to any contamination, or received a dose of any substance capable of causing any harmful effect.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint fails to state a cause of action because Plaintiffs have failed to demonstrate that their alleged claims resulted from any exposure or dose from alleged contamination that caused any injury or damage.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Drummond affirmatively avers that pursuant to Fl. Stat. §376.308(2)(d), that any contamination was caused by an act or omission of a third party.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Drummond affirmatively avers that pursuant to Fl. Stat. §376.308(2)(d), that it took appropriate precautions against foreseeable acts or omissions of any third party and against consequences that could foreseeably result from such acts or omissions, and that Drummond's conduct did not cause or contribute to any injury or damage.

## THIRTIETH AFFIRMATIVE DEFENSE

Drummond affirmatively avers that pursuant to Fl. Stat. §376.308(2)(d), that to the extent Plaintiffs are successful in proving that there are alleged contaminants or pollutants on their property, which is denied, that Drummond exercised due care with respect to the conditions on their property.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Drummond affirmatively avers that Plaintiffs and their counsel have improperly promoted speculative alleged injuries and damages, even though Plaintiffs have not suffered any actual harm. As a result, any award should be reduced in accordance with Fl. Stat. §768.81.  Plaintiffs and their counsel undertook a media campaign in an effort to create an alleged "stigma" on their properties. Further, the alleged diminished value of the properties, which is denied, would be the result of Plaintiffs and their counsels' actions in promoting unfounded allegations of property contamination, which is designed to cause an adverse impact on Plaintiffs' property values and promote unfounded fears.  There is no claim in Florida for the "fear" of any illness.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Drummond affirmatively avers that Plaintiffs' claims are barred by the doctrine of unclean hands as Plaintiffs have attempted to create a "stigma" with respect to their properties, including but not limited to promoting unsubstantiated and unfounded allegations as part of their contacts with the media and others.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages related to the alleged diminution in value of their property, which are denied, are also precluded as a result of Plaintiffs' own self-created "stigma" and unclean hands.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Drummond, if any, are barred in whole or part by the privilege and defenses set forth in Florida Statutes Chapter 376.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Drummond expressly and specifically reserves the right to amend the Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in the litigation.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Joseph H. Varner*
Joseph H. Varner, III
Florida Bar No. 394904
Frederick J. Grady
Florida Bar No. 437980
Charles Wachter
Florida Bar No. 509418
100 N. Tampa St., Suite 4100
Tampa, Florida  33602
Telephone: (813) 227-8500
Facsimile:  (813) 229-0134

*Trial Counsel for Drummond Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2018, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will transmit the foregoing document via email to all counsel of record.

*/s/ Joseph H. Varner*
Attorney

21