UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. JERUE and MICHAEL J. FEIST,

    Plaintiffs,

v.                                  Case No. 8:17-cv-00587-EAK-AEP

DRUMMOND COMPANY, INC.

    Defendant.
_____/

**AMENDED CASE MANAGEMENT REPORT (Track 3)**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.0(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Plaintiffs' Rule 26(a)(2) Disclosures for any expert witnesses whose testimony Plaintiffs intend to use for purpose of class certification to be served on Defendant | March 25, 2019 |
| Defendant's Rule 26(a)(2) Disclosures for any expert witnesses whose testimony Defendant intends to use for purposes of opposing class certification to be served on Plaintiffs | June 28, 2019 |
| Parties to complete depositions of all experts<br>[Defendant's period to depose Plaintiffs' experts]<br>[Plaintiffs' period to depose Defendant's experts] | August 26, 2019<br>[March 25 – June 21, 2019]<br>[June 28 – August 26, 2019] |
| Plaintiffs' Motion for Class Certification Due, including any affidavits of fact witnesses | August 30, 2019 |
| Plaintiffs to file a notice informing the Court of the selected mediation date | September 6, 2019 |
| Defendant's Response in Opposition to Motion for Class Certification, including any affidavits of fact witnesses | October 25, 2019 |
| Plaintiffs' Reply in Support of Motion for Class Certification | November 22, 2019 |
| Mediation to occur on or before | December 14, 2019 |
| Plaintiffs: Expert Disclosures and Reports for Trial | February 21, 2020 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Defendants: Expert Disclosures and Reports for Trial | April 24, 2020 |
| Discovery Cut-Off | May 22, 2020 |
| Dispositive motion filing deadline | June 19, 2020 |
| Daubert motions filing deadline | June 19, 2020 |
| Pre-Trial Statement Due | At least 7 days prior to pretrial conference |
| Trial Term<br>Expected length of trial (jury):<br>Plaintiffs: 10 days<br>Defendants: 20 days | October, 2020 |

I.      **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A)[1], a meeting was held in person on Wednesday, May 3, 2017 at 1:30 p.m. at Holland & Knight, 100 North Tampa Street, Suite 4100, Tampa, FL 33602 and was attended by:

| **For Plaintiffs:** | **For Defendant:** |
|---|---|
| Christopher L. Gadoury | Joseph H. Varner III |
| Christopher T. Nidel | Frederick J. Grady |
| Jonathan B. Nace | Charles Wachter |
| Steven J. German (via phone) | |

The above counsel have had several phone conferences subject to the initial meeting to discuss the Amended Case Management Report issues.

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

II.     **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties have exchanged the information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on June 9, 2017.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

N/A

III.    **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

\_\_\_ No party anticipates the disclosure or discovery of ESI in this case;

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.  The form or forms in which ESI should be produced.

---

[2] See Generally:  Rules Advisory Committee Notes to the 2006 Amendments to Rule 26(f) and Rule 16.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502,  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

_X_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

A.     **Certificate of Interested Persons and Corporate Disclosure Statement** - This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper  - including emergency motion  - is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

  X   Yes __ No   Amended Certificate will be filed by

_____(party) on or before _____(date).

**B.     Discovery Not Filed  -**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

None, except the parties agree to email service of discovery.

**C.     Limits on Discovery -**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A);  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

        1.     Depositions

           None.

        2.     Interrogatories

           None.

        3.     Document Requests

      None.

    4.    Requests to Admit

      None

    5.    Supplementation of Discovery

      None.

**D.    Discovery Deadline -**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

None.

**E.    Disclosure of Expert Testimony -**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

None.

**F.    Confidentiality Agreements -**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized

need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential.  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

The parties will submit a Joint Proposed Confidentiality Order on or before September 30, 2018.

    **G.**    **Other Matters Regarding Discovery -**

None.

**V.**    **Settlement and Alternative Dispute Resolution.**

    **A.**    **Settlement -**

The parties agree that settlement is unlikely.

The parties request a settlement conference before a United States Magistrate Judge.

    ___ yes    _X_ no    likely to request in future _no_

    **B.**    **Arbitration -**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

___ yes          _X_ no          likely to agree in future __no__

___ Binding          ___ Non-Binding

**C.     Mediation -**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of Court approved mediators is available from the Clerk, and is posted on the Court's web site at:  http://www.flmd.uscourts.gov

**D.     Other Alternative Dispute Resolution -**

The parties intend to pursue the following other methods of alternative dispute resolution: Private mediation.

Date:  September 10, 2018

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

Respectfully Submitted:                                         Respectfully Submitted:

*/s/ Chris Gadoury*
Chris Gadoury
The Lanier Law Firm, P.C.
6810 FM 1960 West
Houston, TX 77069
Telephone: (713) 659-5200
Email: Chris.Gadoury@lanierlawfirm.com

and

*/s/ Frederick J. Grady*
Joseph H. Varner, III
Florida Bar No. 394904
Frederick J. Grady, Esq.
Florida Bar No. 437980
Charles Wachter
Florida Bar No. 509418
Holland & Knight, LLP

Christopher T. Nidel, Esq.
(admitted pro hac vice)
Nidel & Nace, P.L.L.C.
5335 Wisconsin Ave., NW, Suite 440
Washington, D.C. 20015
Telephone: (202) 558-2030
Email:  chris@nidellaw.com

*Counsel for Plaintiffs*

100 N. Tampa St., Suite 4100
Tampa, Florida  33602
Telephone: (813) 227-8500
Facsimile:  (813) 229-0134

*Trial Counsel for Drummond Company, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2018, this document was electronically filed with the Clerk of this Court by using the CM/ECF system, which will provide a copy via email to all counsel of record.

*/s/ Frederick J. Grady*