UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. JERUE, et al.,

    Plaintiffs,

v.                                              Case No: 8:17-cv-587-TPB-AEP

DRUMMOND COMPANY, INC.,

    Defendant.
_____/

**ORDER ON AMOUNT OF ATTORNEY'S FEES
RELATING TO PLAINTIFF'S MOTION TO STRIKE**

Defendant failed to comply with pre-trial disclosure requirements mandated by Rule 26, Fed. R. Civ. P.  This misstep did not significantly impact the progress of this case in any meaningful way.  But when Plaintiffs discovered it, they responded by filing a lengthy motion to strike Defendant's opposition to Plaintiffs' motion for class certification that, among other things, accused Defendant of attempting "an audacious move of gamesmanship." (Doc. 167).   Rather than responding to Defendant's error in a reasonable, common-sense manner, Plaintiffs overreached and attempted to gain an inordinate advantage by seeking to essentially win the class certification battle by default -- the inevitable result if Plaintiffs' request to strike Defendant's opposition to class certification were to have been granted.

Not surprisingly, Magistrate Judge Anthony Porcelli did not strike Defendant's opposition to class certification but instead entered an Order that remedied Defendant's error by allowing Plaintiffs to depose certain witnesses.[1]  (Doc. 188).   Judge Porcelli also

---

[1] One cannot help but wonder how many of these witnesses have actually been deposed and what, if anything, their testimony added to this case.

awarded attorney's fees and costs to Plaintiffs for the preparation of the motion to strike and attendance at the hearing on the motion, and he directed the parties to meet and confer regarding the appropriate amount of fees and costs to be awarded. The parties were unable to agree.

The undersigned has reviewed the billing records from both sides and all other relevant pleadings and has determined that a reasonable number of hours for preparation of the motion to strike and attendance at the hearing was 25 hours -- substantially less than Plaintiffs sought. The parties previously agreed that a reasonable hourly rate for this work is $500 per hour. Therefore, the total amount awarded for the preparation of the motion to strike and attendance at the hearing is **$ 12,500.** Defendant unnecessarily caused this problem and should certainly pay a reasonable amount, but the Court will not reward unnecessary overreach on the part of either side that is plainly inconsistent with Rule 1, Fed. R. Civ. P. ("These rules . . .should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Going forward, the parties are encouraged to pursue reasonable, practical, common-sense litigation strategies and tactics that fully comply with Rule 1, Fed. R. Civ. P.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 26th day of September, 2022.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**